Philip J. Layfield (State Bar No. 204836)
**Philip J. Layfield, Attorney at Law**
100 Wilshire Blvd, Suite 950
Santa Monica, CA 90401
Telephone (310) 956-1497
Facsimile (800) 644-9861
Email: philip@pjllawfirm.com

FILED

2010 SEP 24  PM 12: 41

CLERK U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

Attorney for Plaintiffs Mark J. Rabe and Jana K. Rabe

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark J. Rabe, an individual, and Jana K. Rabe, an individual<br><br>        Plaintiffs,<br><br>    vs.<br><br>David R. Willis, an individual, James Bottrell, an individual, Eric Dean Smith, an individual, Robert Harraka, an individual,  Ronald Harraka, an individual, Jessica Bottrell, an individual, Bulldog Marketing, LLC, a California limited liability company doing business as Bulldog Rubber & Recycling, and DOES 1-10 INCLUSIVE<br><br>        Defendants. | Case No.: **10 CV 1998  H-BGS**<br><br>**Complaint for:**<br><br>1. **Declaratory Relief;**<br>2. **Breach of Contract;**<br>3. **Breach of the Implied Covenant of Good Faith and Fair Dealing;**<br>4. **To Set Aside Fraudulent Conveyances**<br><br>**FILE BY FAX** |

COMES NOW, Plaintiffs Mark J. Rabe and Jana K. Rabe, and allege as follows:

## PARTIES

1. Plaintiff Mark J. Rabe is an individual and resident of the State of Utah.

2. Plaintiff Jana K. Rabe is an individual and a resident of the State of Utah.

3. Defendant David R. Willis is an individual and a resident of the State of California, County of San Diego.

4. Defendant James Bottrell is an individual and a resident of the State of California,

COMPLAINT                                    1                                    Case No.

County of San Diego.

5. Defendant Eric Dean Smith is an individual and a resident of the State of California County of San Diego.

6. Defendant Robert Harraka is an individual and a resident of the State of California, County of Orange.

7. Defendant Ronald Harraka is an individual and a resident of the State of California, County of Orange.

8. Defendant Jessica Bottrell is an individual and a resident of the State of California, County of San Diego

9. Defendant Bulldog Marketing, LLC is a California limited liability company with its principal place of business in the State of California, County of San Diego.

## JURISDICTION AND VENUE

10. This is an action for violation of a settlement agreement entered into by and between Mark J. Rabe, Jana K. Rabe (hereinafter "The Rabes") and David R. Willis, James Bottrell, Eric Dean Smith, Robert Harraka, Ronald Harraka, Bulldog Marketing, LLC (hereinafter "The Bulldog Defendant Members") (the "Settlement Agreement"), to resolve in full a complaint which was originally filed in the Superior Court of the State of California, for the County of San Diego, Case No. 37-2010-00050258-CU-CO-NC and subsequently removed to the United States District Court for the Southern District of California and assigned case number 10 CV 0300 W JMA (the "Original Action").

11. The Settlement Agreement provided by its express terms that, "The United States District Court, Southern District of California, shall retain exclusive jurisdiction regarding the interpretation and enforcement of this Agreement and shall resolve all disputes concerning

COMPLAINT                                        2                                        Case No.

settlements, and all parties waive their right to appeal.  See Settlement Agreement ¶ 21 attached herewith as Exhibit "A."

12.  Because this is an action relating to the enforcement of the Settlement Agreement, this Court is properly vested with jurisdiction in this matter.

13.  Venue is proper in this Court under 28 U.S.C. § 1391(c) & (d).

## FACTUAL ALLEGATIONS

14.  On January 11, 2010 The Rabes commenced the Original Action alleging a variety of causes of action.  Prior to commencing discovery, The Rabes and The Bulldog Defendant Members agreed to resolve their disputes and executed the Settlement Agreement on March 29, 2010.

15.  The Settlement Agreement contained many items, including an express waiver of California Civil Code § 1542.  Settlement Agreement ¶¶ 10, 11.

16.  The Settlement Agreement provided that, "Bulldog Defendant Members shall arrange for the purchase by Bulldog Marketing, LLC of Jana K. Rabe's 17% Membership Interest for the sum of Two Hundred Twenty Five Thousand Dollars ($225,000) pursuant to the following payment schedule:

    a)  Within one hundred twenty (120) days of all parties executing this agreement, two hundred thousand dollars ($200,00) shall be paid;

    b)  Within one hundred fifty (150) days of all parties executing this agreement the final Twenty-Five Thousand ($25,000) shall be paid."

17.  The final payment was to be made no later than July 28, 2010 and to date no amounts have been paid despite numerous requests.

18.  The Settlement Agreement also contained a penalty section in anticipation of a failure by the Bulldog Defendant Members to arrange for the monies to be paid.  This section required that 10% of the fully diluted membership interests shall revert to Jana K. Rabe in addition to the cash payment if The Bulldog Defendant Members failed to pay on time.  Settlement Agreement ¶ 3.

19.  The Settlement Agreement also contained an express integration clause:

> 13.  Integration Clause.  This Agreement constitutes the entire agreement between the Parties with respect to the subject matter addressed herein, and there are no other terms, obligations, covenants, representations, statements or conditions except as set forth in this Agreement.  No change or amendment to this Agreement shall be effective unless in writing and signed by the Parties.  Failure to insist upon strict compliance with any term or provision of this Agreement shall not be deemed to be a waiver of any rights because of a subsequent act or failure to act.

20.  Despite the Settlement Agreement's clear, explicit and unambiguous obligations, The Bulldog Defendant Members have refused to remit payment claiming that Bulldog Marketing, LLC is insolvent.

21.  Although Bulldog Marketing, LLC (the "Company") may be considered technically insolvent, it is only insolvent because the Bulldog Defendant Members have caused the Company to be technically insolvent as a result of their improper conversion of corporate funds for their personal benefit, waste, excessive compensation and theft.

COMPLAINT                                   4                                   Case No.

22.  Furthermore, as a result of the Member's failure to properly capitalize the company the corporate veil should be pierced and each individual member should be liable to the debts of the company.

**FIRST CAUSE OF ACTION**

**DECLARATORY RELIEF**

**AGAINST THE BULLDOG DEFENDANT MEMBERS**

23.  Plaintiffs incorporate by reference paragraphs 1 through 22, above, as though fully set forth herein.

24.  There is an actual controversy between the parties concerning their rights and obligations between and among each other and declaratory relief will effectively adjudicate these rights and obligations between and among the parties.

25.  Plaintiffs seek and are entitled to declaratory relief as follows:

    a.  The Bulldog Defendant Members are in breach of the Settlement Agreement.

    b.  That the Rabes are owners of at least ten (10%) of the company; and

    c.  That the Rabes are owed at least two hundred twenty five thousand dollars ($225,000).

**SECOND CAUSE OF ACTION**

**BREACH OF CONTRACT**

**AGAINST THE BULLDOG DEFENDANT MEMBERS**

26.  Plaintiffs incorporate by reference paragraphs 1 through 26, above, as though fully set forth herein.

COMPLAINT                         5                       Case No.

27. The Settlement Agreement constitutes a valid, binding contract between the parties.

28. Plaintiffs have performed all of their obligations under the Settlement Agreement.

29. The Bulldog Defendant Members have breached and are currently breaching the Settlement Agreement by, inter alia, refusing to remit payment and refusing to issue the required equity in the company to the Rabes.

30. The Bulldog Defendant Members' breach of the Settlement Agreement has caused and is continuing to cause Plaintiffs to incur damages.

31. Pursuant to the Settlement Agreement, Plaintiffs are entitled to recover the attorney's fees and costs they incur in enforcing the Settlement Agreement.

## THIRD CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

## AGAINST THE BULLDOG DEFENDANT MEMBERS

32. Plaintiffs incorporate by reference paragraphs 1 through 31, above, as though fully set forth herein.

33. The Settlement Agreement was and is a valid and enforceable contract between the parties.

34. Plaintiffs performed all of their obligations under the Settlement Agreement.

35. All conditions required for The Bulldog Defendant Members' performance has occurred.

36. Under California law, in every contract or agreement there is an implied promise of good faith and fair dealing, requiring that each party will not do anything to unfairly interfere with the right of the other party to receive the benefits of the contract.

COMPLAINT                                6                              Case No.

37.  The Bulldog Defendant Members have unfairly interfered with Plaintiffs' right to receive the benefits of the Settlement Agreement by, inter alia, taking steps to cause the Company to become insolvent or through greed and irresponsible behavior have refused to contribute the required capital into the company or to accept investment capital in order to allow for payments to be made in the ordinary course of business.

38.  The Bulldog Defendant Members:  (a) lacked subjective good faith in the validity of the acts described above; and/or (b) in performing the acts described above, intended to and did frustrate the common purpose of the Settlement Agreement.

39.  Plaintiffs have been harmed by The Bulldog Defendant Members' conduct.

## FOURTH CAUSE OF ACTION

## TO SET ASIDE FRAUDULENT CONVEYANCES

## AGAINST ALL DEFENDANTS

40.  Plaintiffs incorporate paragraphs 1 through 39 above as if fully set forth herein.

41.  The Defendants have commingled funds or improperly transferred funds from the Company or their personal accounts to avoid the debts incurred on behalf of the company.

42. As such, Plaintiffs request the following relief:  (1) that the transfers from the Defendants to any person not currently a named Defendant be set aside and declared void to the extent necessary to satisfy Plaintiffs' claims in an amount to be proved at trial; (2) that the property in the hands of the Defendants be attached in accordance with the provisions of applicable state and federal law; (3) that the Defendants be restrained from disposing of the property transferred until the claims of Plaintiffs' are satisfied in full; (4) that a temporary restraining order be granted in favor of Plaintiffs enjoining and restraining the Defendants, their representatives, attorneys, servants, and agents from selling, transferring, conveying, assigning,

or otherwise disposing of any of the property transferred; (5) that the judgment herein be declared a lien on the property transferred; and (6) that an order be made declaring that the Defendants hold all of the property transferred by the Defendants and described above in trust for Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for an order and judgment as follows:

1.   ON the First Claim for Relief, for a declaratory judgment in favor of Plaintiffs and against The Bulldog Defendant Members on the terms described above, plus costs and attorney's fees.

2.  On the Second Claim for relief, for a judgment in favor of Plaintiffs and against The Bulldog Defendant Members in an amount to be proven at trial, plus costs, interest, and attorney's fees.

3.  On the Third Claim for relief, for a judgment in favor of Plaintiffs against The Bulldog Defendant Members in an amount to be proven at trial, plus costs, interest, and attorney's fees.

4.  On the Fourth Claim for relief, for a judgment in favor of Plaintiffs against the Defendants on the terms described above.

5.  For such other and further relief as the Court deems just.

PHILP J. LAYFIELD, ATTORNEY AT LAW

DATED:  September 23, 2010            By:  /s/ _____

                                        Philip J. Layfield
                                        Attorney for Plaintiffs

EXHIBIT "A"          000009

Philip J.
Layfield, Esq.

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement ("Agreement") is entered into by and between Jana K. Rabe, individually and as Trustee of the Rabe Family Trust, Mark J. Rabe, individually and as Trustee of the Rabe Family Trust, and the Rabe Family Trust (the "Rabes"), and David R. Willis, James Bottrell, Eric Smith, Ron Harraka, individually and as Trustee of the Ronald and Kelley Harraka Family Trust dated September 22, 2005, the Ronald and Kelley Family Trust dated September 22, 2005, Robert Harraka, individually and as Trustee of the Robert and Rosanna Harraka Family Trust dated September 16, 2005, the Robert and Rosanna Harraka Family Trust dated September 16, 2005, and Bulldog Marketing, LLC, a California limited liability company which is doing business as Bulldog Rubber & Recycling (hereinafter referred to collectively as the "Bulldog Defendant Members") (hereinafter collectively the "Parties").   The term   "Rabes" includes Jana K. Rabe, Mark J. Rabe, and their affiliated companies, parent companies, "dba" entities, agents, employees, officers, directors, shareholders, owners, predecessors, successors, subsidiaries, heirs, spouses and assigns.     As used in this Agreement, the term "Bulldog Defendant Members" includes David R. Willis, James Bottrell, Eric Smith, Ron Harraka, individually and as Trustee of the Ronald and Kelley Harraka Family Trust dated September 22, 2005, the Ronald and Kelley Family Trust dated September 22, 2005, Robert Harraka, individually and as Trustee of the Robert and Rosanna Harraka Family Trust dated September 16, 2005, the Robert and Rosanna Harraka Family Trust dated September 16, 2005, and Bulldog Marketing, LLC, a California limited liability company which is doing business as Bulldog Rubber & Recycling, and their affiliated companies, parent companies, "dba" entities, agents, employees, officers, directors, shareholders, members, owners, predecessors, successors, subsidiaries, heirs, spouses and assigns.

### RECITALS

A.     On December 19, 2009, the Bulldog Defendant Members caused a letter to be sent to the Rabe's attempting to extinguish Jana K. Rabe's Membership Interest in Bulldog for no consideration.

B.     As a result of the Bulldog Defendant Members' actions, Jana K. Rabe filed a complaint on January 11, 2010 in the Superior Court of the State of California, for the County of San Diego, Case No. 37-2010-00050258-CU-CO-NC, against David R. Willis, James Bottrell, Eric Smith, Robert Harraka and Ron Harraka (the "Lawsuit"). The complaint alleged various theories of recovery for damages and sought declaratory and other equitable relief.

C.     On February 4, 2010, Jana K. Rabe filed a first amended complaint and also submitted an ex parte application for temporary restraining order and order to show cause re preliminary injunction.

D     On February 8, 2010, counsel for David R. Willis, James Bottrell and Eric Smith filed a notice of removal to federal court of the Lawsuit. The matter was removed to the United States District Court for the Southern District of California and assigned case number 10 CV 0300 WJMA.

E.    On February 9, 2010, counsel for Ron Harraka and Robert Harraka filed a notice of joinder in removal.

F.    On February 24, 2010, Jana K. Rabe filed a notice of motion and motion to remand back to the San Diego County Superior Court. That motion is currently set to be heard and decided on April 26, 2010.

G.    On March 1, 2010, defendants David Willis, James Boutell and Eric Smith filed a motion to dismiss and motions to strike based upon various grounds against Jana K. Rabe's first amended complaint.

H.    On March 1, 2010, defendants Robert Harraka and Ron Harraka filed motions for a more definitive statement and to dismiss against the first amended complaint by Jana K. Rabe.

I.    On March 1, 2010, Jana K. Rabe filed a second amended complaint in the Lawsuit for breach of contract, breach of fiduciary duty, fraud by concealment, conversation, and constructive trust and injunctive relief.

J.    Counsel for defendants David R. Willis, James Boutell and Eric Smith had represented to counsel for Jana K. Rabe that a cross-complaint would be filed against Jana K. Rabe and Mark Rabe for various causes of action for damages and equitable relief.

K.    The Parties entering into this Agreement wish to compromise and resolve all disputes between them relating to the claims asserted or that could be asserted by the Rabes or the Bulldog Defendant Members which have arisen or may arise in the future relating to the Parties to this Agreement up to the point in time of the effective date of this Agreement.

### GENERAL PROVISIONS

1.    Recitals. The recitals set forth above are true and correct.

### UNDERTAKINGS OF THE PARTIES

2.    Bulldog Defendant Members shall arrange for the   purchase by Bulldog Marketing, LLC of Jana K. Rabe's 17% Membership Interest for the sum of Two Hundred Twenty Five Thousand Dollars ($225,000) pursuant to the following payment schedule:

        a)    Within one hundred twenty (120) days of all parties executing this agreement, two hundred thousand dollars   ($200,000) shall be paid;

        b)    Within one hundred fifty (150) days of all parties executing this agreement the final Twenty Five Thousand ($25,000) shall be paid.

Page 2 of 13

000011

In addition, Bulldog Marketing, LLC shall take all steps necessary to remove Jana K. Rabe and the Rabe Family Trust as a guarantor of the promissory note for $2 million that was made in favor of the California Integrated Waste Management Board. Bulldog Marketing, LLC shall have sixty (60) days from the date that this Agreement is fully executed by all Parties to have Jana K. Rabe and Rabe Family Trust removed as a guarantor of the promissory note issued in favor of the California Integrated Waste Management Board. All payments shall be directed and made payable to Philip J. Layfield, Attorney at Law, Client Trust Account.

3.      Pursuant to the terms of this Agreement and the consideration set forth in paragraph 2 above the Rabes hereby convey, transfer and assign all rights, title and interest that they have as members of Bulldog Marketing, LLC doing business as Bulldog Rubber & Recycling, to Bulldog Marketing, LLC in consideration for the undertaking described in Section 2 above that is to be performed by the Bulldog Defendant Members.  If Jana K. Rabe is not paid at least $200,000 for her interest by July 27, 2010, Jana K. Rabe's interest shall automatically revert back pro rata according to the consideration paid but in no event shall an interest less than 10% of the fully diluted membership interests revert in the event of a failure to remit the full $200,000 by July 27, 2010. Regardless of the percentage that may or may not revert back to Jana K. Rabe, in no event shall she be required to become a guarantor on any obligation in the future.  Jana K. Rabe represents and warrants that she has not assigned, sold, transferred, hypothecated, or encumbered her membership interests in Bulldog Marketing, LLC that is being purchased by Bulldog Marketing, LLC pursuant to this Agreement.

4.      Within five (5) business days after receipt of the fully executed Agreement, the parties will file a stipulation to stay all litigation proceedings and take all motions off calendar for 60 days of the pending actions described above that are currently pending in the United States District Court for the Southern District of California.

5.      Within five (5) business days after Jana K. Rabe and the Rabe Family Trust being released as a guarantor of the promissory note for $2 million that was made in favor of the California Integrated Waste Management Board, Jana K. Rabe will file a dismissal with prejudice of the pending actions described above that are currently pending in the United States District Court for the Southern District of California as well as the Superior Court action pending in San Diego County. All Parties to this Agreement shall assume their own attorney's fees, costs and expenses regarding the Lawsuit or the preparation of this Agreement.

6.      This Agreement shall be ratified and approved at the already scheduled Special Member Meeting on March 29, 2010 and all parties hereby waive the notice requirements to approve this Agreement at said meeting.

## RELEASE

7.      In consideration of the promises contained in this Agreement, the Rabes hereby acknowledge full and complete satisfaction of, and do hereby fully, absolutely and forever release and discharge David R. Willis, James Battrell, Eric Smith, Ron Harraka, individually and as Trustee of the Ronald and Kelley Harraka Family Trust dated September 22, 2005, the Ronald

Page 3 of 13

and Kelley Family Trust dated September 22, 2005, Robert Harraka, individually and as Trustee of the Robert and RosGanna Harraka Family Trust dated September 16, 2005, the Robert and RosGanna Harraka Family Trust dated September 16, 2005, and Bulldog Marketing, LLC, a California limited liability company doing business as Bulldog Rubber & Recycling, and their affiliated companies, parent companies, "dba" entities, agents, employees, officers, managing members, directors, members, shareholders, owners, predecessors, successors, subsidiaries, heirs, assigns, and their attorneys in the Lawsuit of and from any and all demands, debts, actions, suits, accounts, damages, losses, obligations, warranties, costs, expenses, contracts, agreements, promises, guarantees, representations, judgments, claims, claims for attorney's fees, liens, extra contractual damages, general damages, special damages, punitive or exemplary damages, equitable relief, or any other liability or damages of any kind or nature whatsoever that may be asserted, whether grounded in law, equity or admiralty, whether in contract, tort, statutory, "extra contractual" or otherwise, whether present, past or future, whether known or unknown, whether suspected or unsuspected, whether concealed or hidden, whether direct or indirect, or whether fixed or contingent, which arise out of or are in any way related to or connected with the Bulldog Defendant Members, the above-referenced lawsuits, or matters which could have been alleged in connection with the above-referenced lawsuits.

8.    In consideration of the promises contained in this Agreement, David R. Willis, James Bottrell, Eric Smith, Ron Harraka, individually and as Trustee of the Ronald and Kelley Harraka Family Trust dated September 22, 2005, the Ronald and Kelley Family Trust dated September 22, 2005, Robert Harraka, individually and as Trustee of the Robert and RosGanna Harraka Family Trust dated September 16, 2005, the Robert and RosGanna Harraka Family Trust dated September 16, 2005, and Bulldog Marketing, LLC, a California limited liability company which is doing business as Bulldog Rubber & Recycling, hereby acknowledge as full and complete satisfaction of, and do hereby fully, absolutely and forever release and discharge, Jana K. Rabe, Mark J. Rabe, the Rabe Family Trust, and their attorneys in this action of and from any and all demands, debts, actions, suits, accounts, damages, losses, obligations, warranties, costs, expenses, contracts, agreements, promises, guarantees, representations, judgments, claims, claims for attorney's fees, liens, extra contractual damages, general damages, special damages, punitive or exemplary damages, equitable relief, or any other liability or damages of any kind or nature whatsoever that may be asserted, whether grounded in law, equity or admiralty, whether in contract, tort, statutory, "extra contractual" or otherwise, whether present, past or future, whether known or unknown, whether suspected or unsuspected, whether concealed or hidden, whether direct or indirect, or whether fixed or contingent, which arise out of or are in any way related to or connected with the Bulldog Defendant Members, the above-referenced lawsuits, or matters which could have been alleged in connection with the above-referenced lawsuits.

9.    Rocky K. Copley shall issue a retraction to the letter he sent to the Bankruptcy Trustee on February 3, 2010, in a form acceptable to Philip J. Layfield, Esq. no later than March 29, 2010 which shall be sent by U.S. mail in an original form directly to Philip J. Layfield, Esq. who will present the letter at his discretion to the Bankruptcy Trustee. The approval of the language of the retraction letter shall not be unreasonably withheld by Philip J. Layfield and written confirmation of his approval or disapproval of the language must be given within 24 hours of his receipt of the proposed letter of retraction sent to him via e-mail by Rocky K. Copley. The notices of rejection

and of approval shall be sent by Philip J. Layfield via e-mail to Rocky K. Copley and all of the Bulldog Defendant Members or their counsel. Once approval has been given, the original letter shall be sent by U.S. mail to Philip J. Layfield. The Bulldog Defendants Members represent that they will not contact the Bankruptcy Trustee or any other governmental agency regarding this matter in the future on this issue.

WAIVER OF CIVIL CODE SECTION 1542

10. The Parties to this Agreement understand that they may have sustained damages that may not have manifested and that are presently unknown, but the Parties to this Agreement nevertheless deliberately intend and do hereby release all Parties from all such possible future claims relating to the claims, issues and lawsuits, described herein, and the matters referenced herein. Furthermore, if the facts with respect to which this Agreement is executed (other than those set forth in this Agreement) are found hereafter to be other than or different from the facts now believed to be true, the Parties accept and assume the risk of such possible difference in facts and agree that this Agreement shall be and remain effective notwithstanding such difference in facts.

11. The Parties hereby acknowledge that they have read section 1542 of the California Civil Code, and that they fully and finally waive with respect to the subject matter of this Agreement all rights and benefits which they now have, or in the future may have, as against all Parties to this Agreement under the terms of section 1542 of the California Civil Code, which section reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him might have materially affected his settlement with the debtor.

The parties acknowledge their agreement to waive this section by their initials hereto:

Mark Rabe
Joan Rabe
David Willis
James Bottrell
Ron Haraska
Robert Harraka
ERIC SMITH

12. The Parties expressly waive with respect to the subject matter of this Agreement any equivalent or similar provision of any statute or other law of the United States or of any other state or jurisdiction.

Page 8 of 13

## OTHER PROVISIONS

13. **Integration Clause.** This Agreement constitutes the entire agreement between the Parties with respect to the subject matter addressed herein, and there are no other terms, obligations, covenants, representations, statements or conditions except as set forth in this Agreement. No change or amendment to this Agreement shall be effective unless in writing and signed by the Parties. Failure to insist upon strict compliance with any term or provision of this Agreement shall not be deemed to be a waiver of any rights because of a subsequent act or failure to act.

14. **Successors and Assigns.** This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors, related corporate or business entities, heirs and assigns.

15. **Costs and Expenses.** The Parties shall bear their own costs and expenses relating to the Lawsuit and any costs and expenses relating to the preparation of this Agreement.

16. **Authority.** The Parties expressly represent and warrant that all necessary action has been taken to properly and lawfully authorize the Parties to enter into, execute, and deliver this Agreement and render the Agreement binding upon the Parties. The persons executing this Agreement represent and warrant that he or she has authority to bind the party on whose behalf they execute the Agreement.

17. **No Prior Assignment.** The Parties represent and warrant that they have not assigned or transferred, in whole or in part, to any other person, corporation, or any entity, in any manner any claim, right, demand or cause of action which falls within the scope of this Agreement which the Parties have, claim to have, or may have had, of whatever kind or nature, against all Parties, or any of the Parties' respective past and/or present successors, assigns, employees, partners, principals, agents, servants, representatives, attorneys, or insurers.

18. **Benefit of Counsel.** The Parties have the benefit of counsel of their own choice, have reviewed the terms and provisions of this Agreement with such counsel, and have knowingly and voluntarily, without duress, executed this Agreement.

19. **Construction.** All Parties participated in drafting this Agreement and agree that any claimed ambiguity shall not be construed for or against one another on account of such drafting.

20. **Jurisdiction.** This Agreement shall be governed by, construed and enforced in accordance with California law.

21. **Enforcement of Agreement.** The United States District Court, Southern District of California, shall retain exclusive jurisdiction regarding the interpretation and enforcement of this Agreement and shall resolve all disputes concerning settlements, and all parties waive their right to appeal. In the event any action is brought by any of the Parties hereto to enforce this Agreement or any obligation hereunder, the prevailing party shall be entitled to attorney's fees and costs in addition to any and all other relief to which that party may be entitled.

22. **No Admission and No Evidence.** Nothing in this Agreement shall be deemed to be an admission by any Party. Nor shall this Agreement be used in any way as evidence against any Party, except to enforce the terms thereof.

23. **Effectiveness.** This Agreement shall become effective following execution by the Parties.

The Parties have caused this Agreement to be executed on their own behalf, respectively, as of the date written below.

Dated: 3/29/10

_____
Jana K. Rabe

STATE OF UTAH      )
                   ) ss.
COUNTY OF SUMMIT   )

On March 29, 2010, before me, David Blake, a notary public, personally appeared Jana K. Rabe, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Utah that the foregoing is true and correct.

Witness my hand and official seal.

```
NOTARY PUBLIC
DAVID BLAKE
1483 Newpark Blvd
P O Box 981748
Park City, UT 84098
My Commission Expires
May 19, 2012
STATE OF UTAH
```

_____
Signature of Notary Public

Dated: 3.29.10

Mark J. Rabe

STATE OF UTAH        )
                     ) ss.
COUNTY OF SUMMIT     )

On March 29, 2010, before me, David Blake, a notary public, personally appeared Mark J. Rabe, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Utah that the foregoing is true and correct.

Witness my hand and official seal.

NOTARY PUBLIC
DAVID BLAKE
1483 Newpark Blvd
P O Box 981748
Park City, UT 84098
My Commission Expires
May 19, 2012
STATE OF UTAH

Signature of Notary Public

Dated: _____

David R. Willis

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF SAN DIEGO      )

On _____, 2010, before me, _____, a notary public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is true and correct.

Witness my hand and official seal.

_____
Signature of Notary Public

Dated: _3.29.10_                           _Mark J a_
                                           Mark J. Rabe

STATE OF UTAH             )
                          ) ss.
COUNTY OF SUMMIT          )

On _March 29_, 2010, before me, _David Blake_, a notary public, personally appeared _Mark J. Rabe_, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Utah that the foregoing is true and correct.

Witness my hand and official seal.

NOTARY PUBLIC
DAVID BLAKE
1483 Newpark Blvd
P O Box 981748
Park City, UT 84098
My Commission Expires
May 10, 2012
STATE OF UTAH

Signature of Notary Public

Dated: _3-29-10_

David R. Willis

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF SAN DIEGO      )

                         Claudia R. Caywood
                         Notary Public
On _3/29/10_, 2010, before me, _____, a notary public, personally appeared _David R. Willis_, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is true and correct.

Witness my hand and official seal.

CLAUDIA R. CAYWOOD
Commission # 1765650
Notary Public - California
San Diego County
My Comm. Expires Sep 3, 2011

Signature of Notary Public

Dated:  3-29-10

_James Bottrell_

STATE OF CALIFORNIA    )
                          ) ss.

COUNTY OF SAN DIEGO   )     *Claudia R. Caywood*
                                  *Notary Public*

     On 3/29/10 , 2010, before me, _____, a notary public, personally appeared _James Bottrell_____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

     I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is true and correct.

Witness my hand and official seal.

CLAUDIA R. CAYWOOD
Commission # 1765650
Notary Public - California
San Diego County
My Comm. Expires Sep 3, 2011

Signature of Notary Public

Dated:  3-29-10

_Eric Smith_

STATE OF CALIFORNIA    )
                          ) ss.

COUNTY OF SAN DIEGO   )     *Claudia R. Caywood*
                                  *Notary Public*

     On 3/29/ , 2010, before me, _____, a notary public, personally appeared _Ron Harraka_____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

     I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is true and correct.

Witness my hand and official seal.

Signature of Notary Public

CLAUDIA R. CAYWOOD
Commission # 1765650
Notary Public - California
San Diego County
My Comm. Expires Sep 3, 2011

Page 9 of 13

Dated: __3-29-10__                      _Ron Harrel___, Trustee.

Ron Harraka, individually and as Trustee of the
Ronald and Kelley Harraka Family Trust dated
September 22, 2005

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF SAN DIEGO        )        _Claudia R. Caywood_
                                     _Notary Public_

On __3/29/__, 2010, before me, _____, a notary public,
personally appeared _____Ron Harraka_____, who proved to me on the basis of
satisfactory evidence to be the person whose name is subscribed to the within instrument and
acknowledged to me that he/she executed the same in his/her authorized capacity, and that by
his/her signature on the instrument the person, or the entity upon behalf of which the person
acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing is true and correct.

Witness my hand and official seal.

CLAUDIA R. CAYWOOD            _signature_
Commission # 1765650         Signature of Notary Public
Notary Public - California
San Diego County
My Comm. Expires Sep 3, 2011

Dated: __3-29-10__              Ronald and Kelley Family Trust dated
                               September 22, 2005

                               By: _Ron Harral_, Trustee
                                   Ron Harraka, Trustee

Page 10 of 13

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF SAN DIEGO        )        *Claudia R. Caywood*
                                    *Notary Public*

On 3/29/ , 2010, before me, _____, a notary public, personally appeared _Robert Harraka_____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is true and correct.

Witness my hand and official seal.

CLAUDIA R. CAYWOOD
Commission # 1768680
Notary Public - California
San Diego County
My Comm. Expires Sep 3, 2011

Signature of Notary Public

Dated: _3-29-10_

Robert Harraka, individually and as Trustee of the
Robert and Roseanna Harraka Family Trust dated
September 16, 2005

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF SAN DIEGO        )        *Claudia R. Caywood*
                                    *Notary Public*

On 3/29/ , 2010, before me, _____, a notary public, personally appeared _Robert Harraka_____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is true and correct.

Witness my hand and official seal.

Signature of Notary Public

CLAUDIA R. CAYWOOD
Commission # 1768680
Notary Public - California
San Diego County
My Comm. Expires Sep 3, 2011

Page 11 of 13

Dated: __3-29-10__

Robert and Roseanna Harraka Family Trust
dated September 16, 2005

By: _____Rdat Handa Trustee_____
Robert Harraka, Trustee

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF SAN DIEGO      )

    On __3/29/__, 2010, before me, _____Claudia R. Caywood Notary Public_____, a notary public, personally appeared __Eric Dean Smith__, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

    I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is true and correct.

Witness my hand and official seal.

> CLAUDIA R. CAYWOOD
> Commission # 1765650
> Notary Public - California
> San Diego County
> My Comm. Expires Sep 3, 2011

Signature of Notary Public

Dated: __3-29-10__

Bulldog Marketing, LLC, a California limited liability company dba Bulldog Rubber & Recycling

By: _____
Its: __Managing Member__

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF SAN DIEGO      )

    On _____, 2010, before me, _____, a notary public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by

his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing is true and correct.

Witness my hand and official seal.

_____
Signature of Notary Public

**Approved As To Form:**

Dated: *March 26, 2010*

_____
Philip J. Mayfield, Esq.

Dated: 3/29/2010

_____
Rocky K. Copley, Esq.

Dated: 3/29/2010

_____
Russell Paul Nowell, Esq.

(a) revised the → certaing
   p. 1
(b) Bulldo → Bulldog
   p. 3
   [signature]
(c) Throughout
   Rozanna → Rozanna

Page 13 of 13

°sJS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Mark J. Rabe and Jana K. Rabe | David R. Willis, James Bottrell, Eric Dean Smith, Robert Harraka, Ronald Harraka, Jessica Bottrell, Bulldog Marketing |

**(b)** County of Residence of First Listed Plaintiff   Summit County, Utah
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Philip J. Layfield, Attorney at Law, 100 Wilshire Blvd., Suite 950,
Santa Monica, CA 90401 (310) 956-1497

Attorneys (If Kn     '10 CV 1998   H -BGS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Breach of Settlement Agreement 28:1332
Brief description of cause:
Breach of Settlement Agreement from Original Action filed in this court.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
09/23/2010

SIGNATURE OF ATTORNEY OF RECORD

FILE BY FAX

**FOR OFFICE USE ONLY**

RECEIPT #  18418   AMOUNT  $350—   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

MB 09-24-10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS018418
Cashier ID: mbain
Transaction Date: 09/24/2010
Payer Name: RAPID LEGAL
---------------------------------
CIVIL FILING FEE
 For: RABE V WILLIS
 Case/Party: D-CAS-3-10-CV-001998-001
 Amount:        $350.00
---------------------------------
CHECK
 Check/Money Order Num: 030693
 Amt Tendered:  $350.00
---------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```